**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JAMES THOR KIRK,

Plaintiff,

vs. No. CIV 16-0270 JB/SCY

NEW MEXICO STATE POLICE JOHN DOE OFFICERS 1-3, sued in their individual capacities; ROLANDO FLORES, sued in his individual capacity; and JEFFREY BURKE, sued in his individual capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR CONSOLIDATION OF CASES**

**THIS MATTER** comes before the Court under rule 42(a) of the Federal Rules of Civil Procedure on the Plaintiff's Motion for Consolidation of Cases, filed on April 27, 2016 (Doc. 3)("Motion"). The Court will deny the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff James Thor Kirk seeks to consolidate five actions in this court: "CIV 12-1157; CIV 14-0891; CIV 14-1027; CIV 15-0736; CIV 16-0270." Motion at 1. Kirk v. University of New Mexico Hospital, No. CIV 12-1157 JP/WPL, was filed November 8, 2012 (Doc. 1 in CIV 12-1157)("2012 Complaint"). It is an action under 42 U.S.C. § 1983 seeking monetary damages for physical injury, and pain and suffering, arising out of injuries that Kirk allegedly sustained during a high-speed chase with law enforcement officers on October 26, 2010. See 2012 Complaint at 1-2. All three of the identified Defendants in this case were also named as Defendants in No. CIV 12-1157, and all three were dismissed from the case. See Memorandum Opinion and Order at 3-4, filed April 4, 2013 (Doc. 38 in No. CIV 12-1157); Proposed Findings

and Recommended Disposition at 28-29, filed April 28, 2014 (Doc. 162 in No. CIV 12-1157); Proposed Findings and Recommended Disposition at 19-20, filed March 17, 2015 (Doc. 211 in No. CIV 12-1157); Memorandum Opinion and Order at 13-14, filed August 7, 2015 (Doc. 216 in No. CIV 12-1157).

Kirk v. Valencia County Detention Center, No. CIV 14-891 JCH/SCY, was removed to this Court on October 3, 2014. See Notice of Removal, filed October 3, 2014 (Doc. 1 in No. CIV 14-0891). It is a case involving civil rights claims and claims under the New Mexico Tort Claims Act, arising out of the same October 26, 2010 incident and the defendants in that action are identical to those in this case. See Complaint, filed October 3, 2014 (Doc. 1-1 in No. CIV 14-0891). Case No. CIV 14-0891 was dismissed by Memorandum Opinion and Order on October 17, 2014, based on the doctrine of claim splitting. See Memorandum Opinion and Order of Dismissal, filed October 17, 2014 (Doc. 9 in No. CIV No. 14-0891). Similarly, Kirk v. New Mexico State Police, No. CIV 14-1027 MV/KK, was removed from state court on November 12, 2014. See Notice of Removal, filed November 12, 2014 (Doc. 2 in No. CIV 14-1027). Noting that, although not identical, the claims involve the same parties and claimed injury as the two prior cases, the Honorable Martha Vazquez dismissed No. CIV 14-1027 on the grounds of claim splitting. See Memorandum Opinion and Order, filed January 9, 2015 (Doc. 15 in No. CIV 14-1027).

Last, Kirk v. Flores, No. CIV 15-0736 JCH/LF, was removed from state court on August 21, 2015. See Notice of Removal, filed August 21, 2015 (Doc. 1 in No. CIV 15-0736). The Complaint for Damages, filed August 21, 2015 (Doc. 1-2 in No. CIV 15-0736), alleges civil rights and tort claims for damages against individual defendants arising out of the October 26, 2010 high-speed chase. See Complaint for Damages at 5-7. Finding an identity of parties and

claims, the Honorable Judith C. Herrera, United States District Judge, dismissed Kirk v. Flores on grounds of claim splitting, claim preclusion, and the bar of the statute of limitations. See Order Adopting Magistrate Judge's Proposed findings and Recommended Disposition, filed March 24, 2016 (Doc. 9 in No. CIV 15-0736).

**LAW REGARDING RULE 42(a)**

Rule 42 of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994)(Burciaga, J.). The party moving for consolidation bears the burden of demonstrating that consolidation is desirable. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572.

Consolidation does not result in a merger of separate suits into a single cause of action. See Harrison v. Ill-Cal. Esp., Inc., 687 F.2d 1361 (10th Cir. 1982).

> [C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other" . . . Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties, it fails to erase the fact that, underneath consolidation's façade, lie two individual cases.

Chaara v. Intel Corp., 410 F. Supp. 2d 1080, 1089, 1094 (D.N.M. 2005)(Browning, J.)(quoting McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982)).

The Court has broad discretion in determining whether to consolidate cases. See Gillette Motor Transp., Inc. v. N. Okla. Butane Co., 179 F.2d 711 (10th Cir. 1950). Consolidation is a question of convenience and economy in judicial administration. The court is given broad discretion to decide whether consolidation under rule 42(a) would be desirable, and the district judge's decision inevitably is highly contextual. See 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure, Civil § 2383 (3d ed.). A court's decision to grant or deny consolidation is reviewed for abuse of discretion and a court's denial of a party's request to consolidate will be affirmed on appeal absent clear error or exigent circumstances. See Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944); Am. Emp'rs Ins. Co. v. Bottger, 545 F.2d 1265 (10th Cir. 1976).

**ANALYSIS**

Because Kirk has repeatedly filed the same claims, the five cases he seeks to consolidate indubitably have common questions of law and fact. The existence of common questions of law or fact, however, is only a threshold inquiry. See Anderson Living Trust v. WPX Energy Production, LLC, 297 F.R.D. 622, 631 (D.N.M. 2014)(Browning, J.). The Court must also determine whether consolidation is desirable from the standpoint of judicial convenience and economy. Weighing the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause, the Court determines that consolidation is not desirable. See Servants of the Paraclete, 866 F. Supp. at 1572. Reopening and consolidating previously dismissed cases and claims would not further convenience and economy in judicial administration, and would be confusing and highly prejudicial to defendants that are no longer parties to the prior actions.

**IT IS ORDERED** that Plaintiff James Thor Kirk's Motion for Consolidation of Cases, filed April 27, 2016 (Doc. 3), is denied.

UNITED STATES DISTRICT JUDGE

*Parties:*

James Thor Kirk
Penitentiary of New Mexico, Santa Fe
Santa Fe, New Mexico

*Plaintiff pro se*