## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

        Plaintiff,

vs.                                    No. CIV 16-0270 JB/SCY

ROLANDO FLORES,
Sued in his individual capacity
OFFICER JEFFREY BURKE,
Sued in his individual capacity
JOHN DOES 1-3, sued in their
Individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court, under rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B), on the Plaintiff's Modified Complaint for Damages, filed January 19, 2016 (Doc. 1)("Complaint"). The Court determines that the Complaint fails to state a claim for relief because the bar of the doctrine of claim preclusion and the applicable statute of limitations. The Court will dismiss Plaintiff James Kirk's Complaint with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Kirk is an inmate in the custody of the New Mexico Corrections Department. See Complaint ¶ 2, at 1. He alleges that, on October 26, 2010, he was involved in a high-speed chase that ended in a car crash. See Complaint ¶¶ 8, 9, at 2. Kirk alleges: (i) that Defendant Officer Jeffrey Burke failed to administer first aid to Kirk at the scene of the accident and violated Kirk's federal Constitutional right to adequate medical care; (ii) that Defendant Rolando Flores, a nurse practitioner at the Valencia County Detention Center, where Kirk was taken after the hospital

released him, violated Kirk's right to adequate medical care by failing to provide appropriate attention and treatment to a head injury, open wounds, and several broken bones; and (iii) that John Does 1-3 violated Kirk's Constitutional right to be free from unreasonable searches. See Complaint ¶¶ 5-7, at 2.

Kirk has filed four prior actions in this court arising out of the same factual allegations. See Kirk v. University of New Mexico Hospital, CIV 12-1157 JAP/WPL (D.N.M. filed November 8, 2012); Kirk v. Valencia County Detention Center, CIV 14-0891 JCH/SCY (D.N.M. filed October 3, 2014); Kirk v. New Mexico State Police, CIV 14-1027 MV/KK (D.N.M. filed November 12, 2014); Kirk v. Flores, CIV 15-0736 JCH/LF (D.N.M. filed August 21, 2015). Kirk filed Kirk v. University of New Mexico Hospital, on November 8, 2012. Kirk v. University of New Mexico Hospital is an action under 42 U.S.C. § 1983 seeking monetary damages for physical injury and pain and suffering arising out of injuries Kirk allegedly sustained during a high speed chase with law enforcement officers on October 26, 2010. See Kirk v. University of New Mexico Hospital, CIV 12-1157 JAP/WPL. All three of the identified Defendants in this case were also named as Defendants in Kirk v. University of New Mexico Hospital, and all were dismissed from the case. See Memorandum Opinion and Order, filed April 4, 2013 (Doc. 38); Memorandum Opinion and Order, filed August 7, 2015 (Doc. 216). The United States Court of Appeals for the Tenth Circuit affirmed that judgment on August 17, 2016. See Kirk v. Flores, No. CV 15-2219 (10th Cir. August 17, 2016).

Kirk v. Valencia County Detention Center was removed to federal court on October 3, 2014. See Notice of Removal, filed October 3, 2014 (Doc. 1). It is a civil rights case that also considers claims under the New Mexico Tort Claims Act arising out of the same October 26, 2010 incident; the Defendants in that action are identical to those in this case. See Kirk v.

- 2 -

Valencia County Detention Center, Complaint, filed October 3, 2014 (Doc. 1-1).   Kirk v. Valencia County Detention Center was dismissed by Memorandum Opinion and Order on October 17, 2014, based on the doctrine of claim splitting.   See Memorandum Opinion and Order of Dismissal at 3-4, filed October 17, 2014 (Doc. 9).   Similarly, Kirk v. New Mexico State Police, was removed from state court on November 12, 2014.   See Notice of Removal, filed November 12, 2014 (Doc. 2).   Noting that, although not identical, the claims involve the same parties and claimed injury as the two prior cases, the Honorable Martha Vazquez, United States District Judge, dismissed Kirk v. New Mexico State Police for claim splitting.   See Memorandum Opinion and Order of Dismissal at 3, filed January 9, 2015 (Doc. 15).

Last, Kirk v. Flores was removed from state court on August 21, 2015.   See Notice of Removal of Action, filed August 21, 2015 (Doc. 1).   The Complaint for Damages, filed August 21, 2015 (Doc. 1-2), alleges civil rights and tort claims for damages against individual defendants arising out of the October 26, 2010 high speed chase.   See Complaint ¶¶ 8-25, at 2-4. Finding an identity of parties and claims, the Honorable Judith C. Herrera, United States District Judge, dismissed Kirk v. Flores on grounds of claim splitting, claim preclusion, and the bar of the statute of limitations.   See Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 24, 2016 (Doc. 9).

## LAW REGARDING DISMISSALS FOR FAILURE TO STATE A CLAIM

Kirk is proceeding pro se and in *forma pauperis*.   The Court has the discretion to dismiss an in *forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under rule 12(b)(6), the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleadings.   See Bell Atlantic Corp. v. Twombly, 550 U.S.

544, 555 (2007); <u>Dunn v. White</u>, 880 F.2d 1188, 1190 (10th Cir. 1989).  The Court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting <u>McKinney v. Oklahoma Dep't of Human Services</u>, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 570.  A court should dismiss a claim where it is legally or factually insufficient to state a plausible claim for relief.  See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 255.

Under § 1915(e)(2)(B), the court may dismiss a complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious.  See 28 U.S.C. § 915(e)(2)(B)(2).  The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.  See <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).  See also <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991).  The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992).  The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice.  See <u>Denton v. Hernandez</u>, 504 U.S. at 32-33.

In reviewing a pro se complaint, the court liberally construes the factual allegations.  See <u>Northington v. Jackson</u>, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings, however, are judged by the same legal standards that apply to all litigants and a pro se plaintiff

- 4 -

must abide by the applicable rules of court.  See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims.  Nor may the court assume the role of advocate for the pro se litigant.  See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court must consider whether to allow the plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990).  The opportunity to amend should be granted unless amendment would be futile.  Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING CLAIM PRECLUSION

Claim preclusion prohibits parties from relitigating claims "arising out of the same 'transaction, or series of connected transactions,' as a previous suit."  Yapp v. Excel Corp., 186 F.3d 1222, 1227 (10th Cir. 1999)(quoting Restatement (Second) of Judgments § 24 (1982)). Claim preclusion requires: (i) a final judgment on the merits in an earlier action; (ii) identity of the parties or privies in the two suits; and (iii) identity of the cause of action in both suits.  See Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d 501, 504 (10th Cir. 2002).  The Tenth Circuit applies the "transactional" approach from § 24 of the Restatement (Second) of Judgments to determine what constitutes a "cause of action" for claim preclusion.  A "cause of action" includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence.  Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d at 504.  The Tenth Circuit elaborated that:

What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."

Yapp v. Excel Corp., 186 F.3d 1222, 1227 (10th Cir. 1999)(quoting the Restatement (Second) of Judgments § 24 (1982)).

The doctrine of claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim. When a judgment is rendered for a defendant, the plaintiff's claim is extinguished and the judgment acts as a bar to further relief. The goal of claim preclusion is to avoid multiple suits and determinations on identical issues between the same parties. See Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 535-36 (5th Cir. 1978).

## LAW REGARDING THE STATUTE OF LIMITATIONS FOR SECTION 1983 CLAIMS

Under 42, U.S.C. § 1983, there is no statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266-67, 275-76 (1985), states that the statute of limitations for § 1983 claims is determined by the statute of limitations for personal injury claims in the state where the action is brought. See Weldon v. Ramstad-Hvass, 512 F. App'x 783, 791 (10th Cir. 2013). The three-year personal injury statute of limitations contained in N.M. Stat. Ann. § 37-1-8 (1978) govern civil rights claims arising in New Mexico under § 1983. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. See Varnell v. Dora Consol. Sch. Dist., 756 F.3d at1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the

injury.  See Wallace v. Kato, 549 U.S. 384, 391 (2007); Harvey v. United States, 685 F.3d 939,

949 (10th Cir. 2012).

The bar of the statute of limitations is an affirmative defense.  As an affirmative defense,

the statute of limitations bar may be resolved on a rule 12(b)(6) motion to dismiss when the dates

given in the complaint make clear that the right sued upon has been extinguished.  See Aldrich v.

McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).  Where the complaint shows

that the suit is barred, the claims are properly dismissed for failure to state a claim for relief.  See

Fed. R. Civ. P. 12(b)(6); *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,*

589 F.3d 1091, 1096 (10th Cir. 2009).

## ANALYSIS

Because Kirk has previously alleged the same claims against the same defendants, the

doctrine of claim preclusion bars Kirk's claims.  Moreover, the statute of limitation bars his

claims.  Accordingly, the Court dismisses Kirk's Complaint.

## I.    CLAIM PRECLUSION BARS KIRK'S CLAIMS.

The doctrine of claim preclusion bars Kirk's claims against all Defendants.  All of Kirk's

claims in this case as well as in his prior four cases arise out of the October 26, 2010 car chase

and subsequent medical treatment.  The claims and legal theories of recovery arise from the same

transaction, event, or occurrence, and constitute the same cause of action for purposes of claim

preclusion.  See Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d at

504.  Although Kirk has not named the identical defendants in every one of his prior actions, he

has named each of the defendants in this case in at least one of his prior actions. See Kirk v.

University of New Mexico Hospital, CIV 12-1157 JAP/WPL (D.N.M. filed November 8, 2012);

Kirk v. Valencia County Detention Center, CIV 14-0891 JCH/SCY (D.N.M. filed October 3,

2014); Kirk v. New Mexico State Police, CIV 14-1027 MV/KK (D.N.M. filed November 12, 2014); Kirk v. Flores, CIV 15-0736 JCH/LF (D.N.M. filed August 21, 2015).  Last, there has been a final adjudication on the merits in his prior actions.  See Kirk v. University of New Mexico Hospital, CIV 12-1157 JAP/WPL (D.N.M. filed November 8, 2012); Kirk v. Valencia County Detention Center, CIV 14-0891 JCH/SCY (D.N.M. filed October 3, 2014); Kirk v. New Mexico State Police, CIV 14-1027 MV/KK (D.N.M. filed November 12, 2014); Kirk v. Flores, CIV 15-0736 JCH/LF (D.N.M. filed August 21, 2015).  All of the elements of claim preclusion are present in this case.  Wilkes v. Wyoming Dep't of Employment Div. of Labor Standards, 314 F.3d at 504.

Kirk may not seek to relitigate the same cause of action he has already litigated in multiple cases.  The prior judgments rendered for the Defendants extinguished Kirk's claim, and the judgments act as a bar to further relief.  The goal of claim preclusion, to avoid multiple suits and determinations on identical issues between the same parties, is met in this case.  See Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d at 535-36.  The Court will dismiss Kirk's claims as barred by the doctrine of claim preclusion.

## II.     THE STATUTE OF LIMITATIONS BARS KIRK'S CLAIMS.

The statute of limitations governing § 1983 cases also bars Kirk's claims.  The applicable statute of limitations for Kirk's claims under § 1983 is the three-year statute of limitations of N.M. Stat. Ann 1978, § 37-1-8.  All of Kirk's claims arise out of events that occurred in October and November of 2010.  See Complaint ¶¶ 8-25, at 2-4.  He did not file his Complaint until April 7, 2016, more than three years after the events giving rise to his cause of action.

Kirk began filing the same claims against the same Defendants in 2012.  Kirk, therefore, knew of the alleged injury and its cause no later than 2012.  See Wallace v. Kato, 549 U.S. at

391; <u>Varnell v. Dora Consol. Sch. Dist.</u>, 756 F.3d at1216.  Kirk filed his claims in this case almost six years after the underlying events and four years after his first lawsuit.  Both on the face of the Complaint and on the Court record, the applicable three-year statute of limitations time-bars the claims.  <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. at 391; <u>Jones v. Bock</u>, 549 U.S. at 214-15; <u>Harvey v. United States</u>, 685 F.3d at 949; <u>Vasquez Arroyo v. Starks</u>, 589 F.3d at 1096.

## III.   <u>AMENDMENT OF THE COMPLAINT WOULD BE FUTILE.</u>

The Court has determined that the doctrine of claim preclusion bars Kirk's claims and that the claims are untimely.  The Court will not grant Kirk leave to amend his Complaint. Kirk would be unable to remedy the timeliness and preclusion defects in his pleading, and any amendment would be subject to the same bar and would be futile.  <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d at 1109; <u>Reynoldson v. Shillinger</u>, 907 F.2d at 126; <u>Bradley v. Val-Mejias</u>, 379 F.3d at 901.  The Court will dismiss Kirk's Complaint with prejudice and without leave to amend.

**IT IS ORDERED** that Plaintiff's Modified Complaint for Damages, filed January 19, 2016 (Doc. 1), and all claims and causes in that Complaint, are dismissed with prejudice, and final judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE


*Counsel and Parties:*

James Thor Kirk
Los Lunas, New Mexico

*Plaintiff pro se*